This matter is before us on certiorari, allowed to review a determination of the Hudson County Court of Common Pleas, on appeal from the Workmen's Compensation Bureau, that Plaintiff-Respondent suffered a compensable injury of 100 per cent.
The Workmen's Compensation Bureau, at an informal hearing, estimated permanent disability as 60% of total. On formal hearing, the Deputy Commissioner estimated the disability as 50% of total. As stated above, the Hudson County Court of Common Pleas estimated the disability as 100% of total.
There is no dispute that respondent suffered a compensable injury, arising out of and in the course of his employment by appellant. The accident occurred on August 17, 1943 at the plant of appellant at Kearny, New Jersey. Respondent had been in appellant's employ for about a month and a half before the accident. He was discharged from the United States Army on April, 2, 1943, because of over age, being 44 years of age. There is no question of his health being good at the time of the accident.
On the day of the accident he had been working on a sand blasting machine. He was directed by his foreman to leave that work and take up the work of lifting boxes weighing approximately 75 pounds. While lifting one of the boxes he was compelled to cease work because of a severe pain in the back. He was promptly treated at the employer's hospital, and after x-rays were taken, he was taken to his home in an automobile. The next day he was taken in an ambulance to St. Barnabas Hospital, in Newark. He remained there for 38 days, until September 25th, 1943, when he was taken home. He returned to the hospital on October 10, 1943, but, in the meantime, he was taken to *Page 179 
the hospital by a nurse three times a week. He remained in the hospital until December 21, 1943, a period of about ten weeks. On March 10, 1944, he entered the Jersey City Medical Center, where a spinal operation was performed by Dr. H.C. Benjamin, a bone specialist. Eight inches of bone was taken from respondent's right leg and, as shown by x-rays taken by Dr. William A. Maver, and as described by him, "they show evidence of a bone inlay in the lumbar spine that extends from the level of the second lumbar vertebra to the second sacral segment on the right side, and from about the level of the fourth lumbar vertebra to the sacrum on the left side."
Thereafter respondent was put in a cast and left the hospital on August 11th, 1944. He returned to the hospital several times between August 11th, 1944, and April, 1945. There is no dispute that a serious condition exists and that respondent is unable to do any laborous work. Appellant contends that he is able to do light and sedentary work, such as running an elevator, a watchman or sweeper.
The medical testimony was in conflict. Five medical doctors testified for respondent. The testimony of three was that respondent was 100% disabled. The other two were witnesses as to x-ray pictures and psychiatry. The appellant produced three physicians, but their testimony was not persuasive, and, as noted by the County Judge in his opinion, not one of the three doctors who performed the operations and actually treated respondent for the appellant, namely, Doctors Marquis, Benjamin and Stockfisch, was produced as a witness by the appellant without adequate explanation. It may, therefore, be inferred that their testimony would not be as favorable to appellant as desired.
Upon consideration of all of the testimony, clearly indicating a lack of ability to perform any work of the character for which he is fitted, and, by reason of the pain, inability to get about in a normal way, and his highly nervous condition, it must be found, and we do find that presently respondent is unfit to work and that he is suffering 100% of total disability.
The judgment of the Hudson County Court is affirmed, with costs. *Page 180